EDWIN W. PARSIL, Appellant, v. JOSEPH H. EMERY, Respondent.— Judgment dismissing complaint reversed upon the law and a new trial granted, with costs to appellant to abide the event. The agreement sued upon must be read as a whole. The sale of the stock by the defendant to the plaintiff was by way of inducement to the plaintiff to enter into the contract of employment. Such

reservation of conditional title as the defendant could claim was dependent wholly upon plaintiff's faithful performance of the contract of employment. The clause in the contract relating to the termination of the employment prior to December 31, 1929, " for any cause," must, in the circumstances, be read as a " cause " which would justify the employer in terminating the contract for a breach thereof by plaintiff and not arbitrarily. (*Vogel* v. *Pathe Exchange, Inc.,* 234 App. Div. 313.) The claim of defendant that he is excused from performance under the contract " because performance has been made impossible by destruction of the subject matter thereof " is predicated upon the allegation that the employer was dissolved as a corporation. The answer to this, in our opinion, is that this dissolution was nothing more than a voluntary sale of the corporate assets to another corporation engaged in like business. The case might be otherwise had the dissolution been effected by the Attorney-General; in other words, an involuntary dissolution. (See cases cited in *Maidment* v. *Krause Milling Company,* 225 App. Div. at p. 496.) As was said in *People* v. *Globe Mut. Life Ins. Co.* (91 N. Y. 174), " there was no breach of the contract between Mix [employee] and the insurance company [employer] by either of the parties," and that " what had happened was a dissolution of the contract by the sovereign power of the State, rendering performance on either side impossible." Hence, we regard the point as untenable. There is still open to the defendant, Emery, the defense alleged of a justifiable discharge. Plaintiff is entitled to recover, in the event of defendant's failure to establish a justifiable discharge, the value of the stock predicated upon the amount which plaintiff was required to pay therefor in accordance with the terms of the contract. Young, Kapper, Tompkins and Davis, JJ., concur; Lazansky, P. J., concurs in result.