HENRY OTT, Appellant, v. METROPOLITAN JOCKEY CLUB, Respondent.— Plaintiff, a member of a labor union, sues as a third-party beneficiary to recover damages for wrongful discharge from employment, based upon a written contract made between defendant and the union in behalf of plaintiff and about six hundred other members. The contract contains provisions for the arbitration of disputes arising out of employment, and a time limitation within which the arbitration may be had. After the time to arbitrate had expired, plaintiff instituted the instant action. Defendant moved for a stay pending arbitration, pursuant to section 1451 of the Civil Practice Act. The motion for a stay was granted, but upon reargument the motion was denied. An appeal from that order is now pending, but has not been perfected. Thereafter defendant moved for summary judgment, which was granted in its favor. Plaintiff's application for reargument was granted, but the court adhered to its original decision. Plaintiff appeals from the order on reargument and the judgment entered thereon. Order on reargument modified by striking therefrom the second and third ordering paragraphs and by striking from the first ordering paragraph everything which follows the words "on such re-argument" and by substituting therefor the words "defendant's motion for summary judgment be and the same is hereby denied". As so modified, the order is affirmed, with $10 costs and disbursements to appellant. Judgment vacated, without costs. Defendant's exclusive remedy under the circumstances herein was to obtain a stay of all proceedings pursuant to section 1451 of the Civil Practice Act. (*Matter of River Brand Rice Mills* v. *Latrobe Brewing Co.*, 305 N. Y. 36; *American Reserve Ins. Co.* v. *China Ins. Co.*, 297 N. Y. 322.) Carswell, Acting P. J., MacCrate, Schmidt and Beldock, JJ., concur; Wenzel, J., dissents and votes to affirm, with the following memorandum: Rule 113 of the Rules of Civil Practice provides that where a motion for summary judgment is made thereunder by the defendant in an action, judgment should be entered in his favor where such evidentiary facts are set forth as may be deemed by the judge hearing the motion, sufficient to show that the defendant's denials or defenses are sufficient to defeat the plaintiff. Section 1451 of the Civil Practice Act

provides: "If any action or proceeding be brought upon any issue otherwise referable to arbitration under a contract * * * the supreme court, or a judge thereof, upon being satisfied that the issue involved in such action, or proceeding is referable to arbitration under a contract * * * shall stay all proceedings in the action or proceeding until such arbitration has been had in accordance with the terms of the contract". Here it appears that no arbitration may now be had, the time to demand the same having, by the terms of the contract, expired. A stay, therefore, would merely suspend a trial which can never be held, pending an arbitration which can never be had.