HENRY OTT, Respondent, v. METROPOLITAN JOCKEY CLUB, Appellant.— Appeal by defendant from an order which granted reargument of a motion for a stay of the action pursuant to section 1451 of the Civil Practice Act, and on reargument denied the stay. Order modified by striking from the second ordering

paragraph the word " denied " and by substituting therefor the word " granted," and by striking from said order the entire third ordering paragraph. As so modified, the order is affirmed, with $10 costs and disbursements to appellant. The contract between the appellant and the union, of which respondent was a member, provided that its provisions should " inure   *   *   *   to each and every member of the Union ". Among the provisions thus inuring to the respondent were those which provided for arbitration and made binding on union members the decision of the arbitrator. There was no clause in the contract involved in *Hudak* v. *Hornell Industries* (304 N. Y. 207), relied upon by respondent, similar to that in the contract here which made all its provisions " inure   *   *   *   to each and every member of the Union ". In the absence of a waiver of the arbitration provisions by appellant, it was entitled to a stay of the action notwithstanding that the respondent may not have been able to then obtain arbitration because the time within which to seek arbitration had expired. (Cf. *Matter of River Brand Rice Mills* v. *Latrobe Brew. Co.,* 305 N. Y. 36.) On this record it cannot be said that appellant waived the requirement that there should be arbitration. MacCrate and Schmidt, JJ., concur. Wenzel, J., concurs, with the following memorandum: While I am constrained to concur because of the decision of this court on the prior appeal in this case (*Ott* v. *Metropolitan Jockey Club,* 282 App. Div. 721), I still adhere to the views expressed by me in my dissenting memorandum on such prior appeal. Adel, J., concurs for the reasons expressed by Wenzel, J. Beldock, J., concurs in the result, with the following memorandum: On the prior appeal in this case we held that defendant's exclusive remedy was to obtain a stay of all proceedings pursuant to section 1451 of the Civil Practice Act. (282 App. Div. 721.) On this appeal the sole question before us is whether defendant, by moving for a stay " pending arbitration " after the expiration of the period within which arbitration could be had, has waived the time limitation period for arbitration. I agree that there was no such waiver and, accordingly, that the stay should have been granted below. I also agree that the case of *Hudak* v. *Hornell Industries* (304 N. Y. 207), relied upon by the respondent, is not here applicable. In my opinion, as the sole question before us is that of waiver, reference to the *Hudak* case is unnecessary to the determination of this appeal. In any event, I find that the *Hudak* case is not applicable for grounds other than those stated in the decision slip. [See *post,* p. 1060.]