Alger A. Williams, J. George E. Constantine
and all other employees having a common or general interest with him (here *291 inafter called intervenors) are seeking permission to intervene in an arbitration proceeding between Iroquois Beverage Corporation (hereinafter called employer) and the above-named union (hereinafter called union). The application is opposed by the employer and the union.
The union has invoked arbitration as to seniority rights of 32 employees and concededly is seeking to improve the seniority rights of such employees to the disadvantage of the intervenors. Obviously, therefore, in the arbitration proceeding, there will be little or nothing presented or urged on behalf of the intervenors.
There exist differences among authorities as to the exact legal status of a single employee or a group of employees under a collective bargaining contract and as to his or their individual rights. (See article by Professor Arthur Lenhoff in Arbitration Journal, Vol. 9, N. S., p. 3.) However, our appellate courts have held that an individual employee is, in some instances at least, a third-party beneficiary. (See Hudak v. Hornell Inds., 304 N. Y. 207; Ott v. Metropolitan Jockey Club, 282 App. Div. 721 and 282 App. Div. 946.) As such third-party beneficiary there is a growing tendency to afford an individual employee more and more rights and in many instances completely independent of his union’s representation.
In Donato v. American Locomotive Co. (283 App. Div. 410, 415-416), the court held: “ We are not called upon to decide in this case what remedies the plaintiff might have had if he had acted promptly and had pursued a different course. If that question were before us, the answer to it would depend upon the choice which we would make between conflicting views as to the rights of an individual employee under a conventional collective bargaining agreement. The law upon this subject is still in a state of flux. According to the older view, expressed in many decisions in the lower courts, the union has the sole right to bring an arbitration proceeding under a collective bargaining agreement and has the sole right to control the proceeding and to move to vacate an adverse award (Bianculli v. Brooklyn Union Gas Co., 115 N. Y. S. 2d 715; Sholgen v. Lipsett, 116 N Y. S. 2d 165; Matter of Miller & Sons [United Office & Professional Workers], 195 Misc. 20; see, generally, Summers, ‘ Union Powers and Workers’ Rights’, 49 Mich. L. Rev. 805, and Jaffe, ‘ Labor Arbitration and the Individual Worker ’, Vol. 287 Annals of American Academy of Political and Social Science 34). In recent years, however, there has been a growing recognition that the individual employee has enforcible rights of his own under a collective bargaining agreement. Thus it has been held that an individual employee may maintain a direct action for damages as a third-party beneficiary of the contract, where there *292 is no arbitration clause barring such an action (Hudak v. Hornell Inds., 304 N. Y. 207; cf. Ott v. Metropolitan Jockey Club, 282 App. Div. 721, 282 App. Div. 946), and, where arbitration is the exclusive remedy under the contract, the employee may demand arbitration if the union is neglectful of his interests (Matter of Wile Sons & Co. [Messinger], 199 Misc. 654). Under this view, the employee would clearly have the right, in a case where an arbitration proceeding was instituted by the union, to intervene in the proceeding and to move to vacate the award if the award were an adverse one. An arbitration proceeding is a special proceeding under the Civil Practice Act and, if the arbitration panel declined to permit the employee to intervene, he could apply to Special Term for an order directing that he be allowed to intervene. (Civ. Prac. Act, §§ 1459, 191-193-b; Publishers’ Assn. of New York City v. New York Typo. Union, 168 Misc. 267, 270; Matter of American Mach. & Foundry Co. [Fay], 193 Misc. 990, 994, per Froessel, J.; Flora Fashions v. Commerce Realty Corp., 80 N. Y. S. 2d 384, supra.) Even if the interested employee has not intervened in the arbitration proceeding, it has been held that he has the right to intervene at a later stage, in the judicial proceeding, and to move to vacate the award on the ground that he is a person interested in ‘ the controversy which was arbitrated ’ (Busch Jewelry Co. v. United Retail Employees’ Union, 170 Mise. 482; cf. Curtis v. New York World-Telegram Corp., 282 App. Div. 183, supra, and Estes v. Union Term. Co., 89 F. 2d 768).”
Although this latter quotation is dictum, it is in accord with the present legal trend and in accord with justice. I realize that the application of this theory might cause confusion in some cases. However, this is an unusual case.
According to the union, the present controversy as to seniority status arose from “ a phony maneuver carried out by collusion between the company and the officials of the Union ’ ’ in 1949. (Quotations are from the union’s opposing affidavits.) .This is the same union that now asks that it be unhampered in its representation of a favored group; the union that was admittedly morally unqualified to represent all of its members impartially as late as 1949. I am now asked to conclude, with nothing before me on which to base that conclusion, that this same union is now completely trustworthy.
It does not seem that this union should be able to change its position as to past matters which have been acted and relied upon for some time, and thus preclude certain of its members adversely affected from an opportunity to present their views. Intervention in this particular case should not cause the “ chaos *293 and confusion ’ ’ referred to in the brief of the union. The interveners do not seek to bargain to the exclusion of the union, nor do they attack the right of the union to have the matter arbitrated. They simply ask that their case be placed before the arbitrator by their own as well as the union’s representatives.
It is difficult to see how the company or the union will be harmed in this particular controversy by having all parties before the arbitrator and bound by his decision. I have concluded therefore that in this particular case, justice will be served by permitting the intervention.
There remains only one matter to be considered. The union takes the position that permission cannot be granted because the names of all of the proposed interveners have not been furnished.
During the argument of this motion, the attorney for the intervenors offered to furnish a list at that time, and the attorney for the union indicated that he was more interested in the basic question involved than in receiving such a list. Nevertheless the point is strongly raised in his brief.
We do know that the attorney for the interveners represents at least one person who would be adversely affected. I have no doubt that he represents the group that he claims to represent, but in any event, I also know that in a controversy of this kind that for every person whose seniority is advanced, someone will be adversely affected by such advancement. Therefore, I think that this point is of little materiality.
Present order.