CHARLES W. PARKER, Respondent, v. NATHAN BOROCK, as Receiver of VOGES MANUFACTURING COMPANY, INC., Appellant.— Appeal from an order denying a motion to stay respondent from proceeding with an action for breach of a contract of employment. Order affirmed, with $10 costs and disbursements. The collective bargaining agreement between the union, of which respondent was a member, and the employer, insofar as justifiable discharge or discipline was concerned, did not give rise to a right in the respondent to seek arbitration or to require the union to seek arbitration at his request. A dispute by the union with the employer as to the right to discharge for respondent's conduct was a condition precedent to any duty to have arbitration. The papers on appeal, which disclose that there was no dispute by the union do not disclose why the union refused to dispute or that the union decided it had no ground for dispute, or that the union agreed with the employer that respondent's conduct justified discharge. Special Term properly held that the merit of respondent's action or the sufficiency of his complaint were not matters for determination on this motion for a stay. MacCrate, Acting P. J., Schmidt, Beldock and Ughetta, JJ., concur; Murphy, J., dissents and votes to reverse the order and to grant the motion, with the following memorandum: The collective bargaining

agreement is invoked by respondent as the basis of his cause of action for breach of contract in that it provides that no employee shall be discharged without cause. That agreement, by its terms, is binding on respondent as a member of the union, which is his exclusive bargaining representative. Respondent is bound by the agreement as made. (*Triboro Coach Corp.* v. *Labor Relations Bd.*, 286 N. Y. 314; *Rolandez* v. *Star Liq. Dealers*, 257 App. Div. 97, 99; *Bianculli* v. *Brooklyn Union Gas Co.*, 115 N. Y. S. 2d 715.) After discharge, an employee is entitled to an interview with his shop steward. Thereafter, if there is any dispute between the employer and the union concerning existence of cause, such dispute is to be resolved in accordance with outlined procedure culminating, if necessary, in resort to arbitration, if sought within a given time by either party. Thus, under the agreement, respondent is without any remedy other than that to be pursued on his behalf by the union, at the option of the latter. That is the construction afforded a similar agreement in *Ott* v. *Metropolitan Jockey Club* (282 App. Div. 946, affd. 307 N. Y. 696). That case holds that a motion to stay an action for damages because the matter was arbitrable should be granted, even though, as here, the stipulated time within which to arbitrate had expired.