S. Samuel Di Falco, J.
This is a motion to stay arbitration proceedings initiated by respondent. The union is a party to a collective bargaining agreement with the Infant and Juvenile Manufacturers Association, Inc., with which association petitioner is a member. The contract between the union and the association does not expire until June 1, 1957. Under the agreement and associated certificate of authorization and ratification executed by petitioner, it authorized the association to contract with the union in its behalf, under which contract terms and conditions of employment are covered including hours, wages, holidays, vacation pay, health, welfare and retirement benefits. The agreement contains a broad com *338 prehensive provision providing for the submission to arbitration of “ any complaint, grievance, demand or dispute arising under, out of or in connection with or in relation to this agreement, or the interpretation, performance or breach thereof.”
Acting under this provision the union submitted to the New York State Board of Mediation (the agency designated in the agreement for the arbitration of all disputes), the situation which arose as the result of the discharge of one Hugo Lowenthal, a cutter employed by petitioner, and the breach of the agreement by petitioner in employing contractors not in contractual relations with the union. Petitioner failed to appear at the hearing and then, after being served with notice of intention to conduct an arbitration, moved for the stay herein. It is petitioner’s position and argument that the petitioner’s corporation was legally dissolved by the Secretary of State of New York on September 10, 1956, which is prior to the date the notice of intention to conduct the arbitration was served and that by reason of such dissolution, no arbitrable dispute remains. While petitioner cites the case Matter of Kosoff (276 App. Div. 621) in support of its contentions, I am not of the opinion that the case is on all fours nor dispositive of the situation presented in petitioner’s favor. On the contrary the court there stated (p. 624) that “While it is true that a corporation is deemed to continue in existence for the purpose of suit and, therefore, it might be said that the employer corporation should be deemed to continue for the purpose of arbitration ’ ’, it indicated thereby in my opinion that arbitration would be appropriate for enforcing a claim against a dissolved corporation, even though under the facts there it did not feel there was an arbitrable dispute because what was involved was a “ lockout ”. Under a lockout a dissolved corporation cannot thereafter continue in business or furnish employment.
I am persuaded that a voluntary dissolution of a corporation, under the facts here disclosed, does not relieve it of its obligations or liabilities which had been incurred prior to its dissolution. And this is so even if the dissolution occurred prior to the service of the notice to arbitrate. Petitioner relies solely on its dissolution as a bar to the arbitration. This to my way of thinking would leave the door open to a colorable practice by employers who need only dissolve to avoid their obligations under their contract and plead dissolution. Under subdivision 8 of section 105 of the Stock Corporation Law it is apparent that the Legislature of this State did not intend voluntary *339 dissolutions to be a vehicle for the avoidance of pre-existing contractual obligations and liabilities. It is stated in said enaetmént that “ Such corporation shall continue for the purpose of paying, satisfying and discharging any existing liabilities or obligations * * * and may sue and be sued in its corporate name.” (Emphasis mine.) To this end the cases of Hudak v. Hornell Industries (304 N. Y. 207) and Matter of Brooklyn Citizen (1 Misc 2d 162) are in point. Since the agreement, by article 22(c) provided for the arbitration of all disputes between the parties, that is the sole forum and precludes a law action. There being an arbitrable dispute presented under a written agreement and a refusal to arbitrate having been interposed by petitioner, the application for a stay is denied. (Civ. Prac. Act, § 1458.)
Settle order.