Henry Silverman, J.
This is a motion in the form of a petition by Robert Spilkewitz, as employer, to stay an action herein until arbitration be had between the parties hereto, in accordance with an arbitration clause of the collective bargaining agreement entered into between the Harlem Labor Union Inc., and Roberts Grocery Store, of which Robert Spilkewitz is named as president.
The action was brought by Murray Pepper as plaintiff employee (referred to herein as respondent) against Robert Spilkewitz as defendant employer (referred to herein as petitioner) to recover $4,867 for alleged overtime wages. In his complaint in the action plaintiff states that he was employed by defendant as a grocery clerk from November 1,1954, to June 23, 1956, at defendant’s grocery store located in the Borough of Manhattan, New York City. The pertinent paragraph of the union agreement herein reads as follows; “ 14. Should the parties be unable to agree as to any matter pertaining to this agreement, then in that event, the subject matter shall be submitted to arbitration. The arbitrator shall be selected as the New York State Board of Mediation. The decision of the arbitrator shall be binding upon both parties.”
The employee, the respondent herein, opposes the motion and contends that the issues involved in the action are not properly subject to arbitration and do not fall within the provisions of the hereinabove-quoted paragraph of the union agreement. He further contends that the contract between the union and Robert Spilkewitz (petitioner herein) refers only to labor dis *747 putes between the union and the employer and not to controversies between the employer and individual employees.
I cannot agree with the respondent’s contentions. It is obvious that the right of the respondent to relief in the action as an individual employee is based upon divers provisions of the agreement between the union and the petitioner herein, and that he, the respondent, relies wholly upon the agreement, from which is derived his alleged cause of action. In fact, paragraphs Third and Fourth of the complaint herein specifically refer to and incorporate the union agreement. The provisions for arbitration found in the union agreement in hand, as hereinabove set forth, closely approximate the language found in a similar agreement in Matter of Potoker (Brooklyn Eagle) (286 App. Div. 733) wherein the court reversed the order appealed from insofar as it refused to direct arbitration on the claims for severance and notice of dismissal pay and directed arbitration on those claims; and insofar as said order directed arbitration on claims for overtime, holiday and accrued vacation pay, said order was affirmed. Moreover, as was stated in Johnson v. Kings County Light Co. (141 N. Y. S. 2d 411, 414): “ The dominant purpose of the contracting parties was to avoid, if possible, industrial strife by requiring that disputes arising out of working conditions and the construction to be placed upon the terms of the contract be resolved by means of the grievance procedure set forth in the contract and by arbitration. Since plaintiff is relying upon the terms of the contract for the relief he seeks in this action, he may not invoke part of the contract and disregard its other provisions requiring arbitration.” The above language of the opinion in the Johnson case (supra) applies with equal force here. (See, also, Ott v. Metropolitan Jockey Club, 282 App. Div. 946, affd. 307 N. Y. 696; Matter of Sperling v. Newtown Laundry Serv., 264 App. Div. 878; cf. Di Rienzo v. Farrand Optical Co., 148 N. Y. S. 2d 587.) Thus, the agreement here for arbitration, if fairly construed, is broad enough to include a claim for overtime wages as alleged here. (Cf. Matter of Berens v. Robineau, 278 App. Div. 710.) And the agreement for arbitration is binding not only on the union but upon all individual members thereof, including the respondent as a member of the union involved. (See Matter of Mencher [Abeles & Kahn], 274 App. Div. 585.)
Accordingly, the motion to direct arbitration and for a stay of the proceedings herein is granted.