Jacob Markowitz, J.
Plaintiff seeks a permanent injunction to restrain an individual union employee from picketing. Defendant was and is a member of a labor organization under agreement with an association of which plaintiff is a member. He was discharged from employment and thereupon he established a picket line which the court finds was unauthorized by the union and he carried a placard announcing that he was locked out. The agreement contains a no strike and no lockout provision and machinery for the adjudication of disputes.
The question presented as urged by the defendant is whether picketing to compel the re-employment of a discharged employee in violation of a collective bargaining agreement is a labor dispute within the provisions of section 876-a of the Civil Practice *193 A ct. There is no such question hero. This controversy is not between the union and an employer. No labor dispute is created by the individual and unauthorized act of a union member in the presence of an agreement between management and labor and the absence of resort to the machinery provided for the adjustment of the dispute. Terms and conditions of employment are not involved, but rather the legality of strike action by an individual carrying a sign claimed to be misleading and in contravention of a no strike provision and of the arbitration machinery contained in the agreement. Nor is the propriety of the discharge in issue although the appropriate agency had found that the employer’s complaint of wrongful picketing was justified.
The sole question is whether defendant’s activity was unlawful and wrongful within the framework of plaintiff’s complaint as amended in the course of trial. There is no proof of conspiracy. Nor is there proof that defendant was locked out. The placard carried by him announcing that fact was and is false and misleading. On the other hand plaintiff has failed to prove the allegations of paragraph “ eighth ” of the complaint. The proof does demonstrate that defendant established the picket line and carried the placard for the purpose of soliciting attention to his claimed grievance from persons in responsible position to correct it. While the method employed was ill conceived, the motivation is understandable even though defendant’s doubt of securing justice through the usual channels of internal union management was either self-created or without foundation in fact. The court finds, therefore, only that the picketing was in violation of statute and agreement and is not, in the circumstances here, protected by the constitutional guarantee of free speech (Hughes v. Superior Court, 339 U. S. 460), that defendant’s picketing is not a bona fide picket line and that no labor dispute exists.
Reference has been made in the testimony and the arguments to an alleged foundation for defendant’s fear that his grievance would not receive sympathetic attention from the officials of his union. Unless the collective bargaining agreement contains a direct undertaking between the employer and the employee (Hudak v. Hornell Inds., 304 N. Y. 207) an aggrieved employee may well be confronted with a problem difficult of solution and redress. He may be required to seek redress through an uncooperative union whose officers are hostile by reason of extraneous considerations and opposed to the prosecution of the member’s cause. (See Bianculli v. Brooklyn Union Gas Co., 115 N. Y. S. 2d 715; Johnson v. Kings County Light. Co., 141 N. Y. S. *194 2d 411; Parodi Cigar Co. v. Gaeta, 156 N. Y. S. 2d 282; Matter of Wile Sons & Co. [Messinger], 199 Misc. 654.)
The law with respect to the rights of the employee in the event of the violation of the collective bargaining agreement by the employer or of breach of the union’s duty to the member is “ in a state of flux ” (Donato v. American Locomotive Co., 283 App. Div. 410, 415, 416). Thus it may be that union hostility or inaction would render recourse to internal remedies futile and unnecessary and court action warranted (Reilly v. Hogan, 32 N. Y. S. 2d 864; Parker v. Borock, 286 App. Div. 851). However, whatever rights a member may have, the law is clear that the member may not take strike action in the circumstances here.
Plaintiff attempted to prove damage. There is no proof that the job could have been fully completed at the time required if there had been no work stoppage. The measure of damage, therefore, is not provable solely by the amount of the payroll incurred following the work stoppage. In any case recovery of damage is disallowed.
Plaintiff is entitled to prevail and to an injunction as indicated and for the reasons stated, but without costs. This will constitute the decision of the court. Settle judgment.