7 N.Y.2d 397 (1960)
In the Matter of Adolpho Soto et al., Respondents. Nathan Goldman, as President of Local 122, National Jewelry Workers Union, AFL-CIO, Appellant. [In the Matter of the Arbitration between LENSCRAFT OPTICAL CORP. (RAYEX), Petitioner, and NATHAN GOLDMAN, as President of Local 122, National Jewelry Workers Union, AFL-CIO, Respondent.]
Court of Appeals of the State of New York.
Argued January 6, 1960.
Decided March 3, 1960.
Murray A. Frank for appellant.
Martin H. Schneider and Harry J. Halperin for respondents.
Chief Judge DESMOND and Judges FULD, BURKE and FOSTER concur with Judge DYE; Judge FROESSEL dissents in an opinion in which Judge VAN VOORHIS concurs.
*399 DYE, J.
In this proceeding commenced by an order to show cause, the respondent-appellant union appeals by permission from an order vacating an award of the New York State Board of Mediation, rendered in an arbitration between the respondent Lenscraft Optical Corp. (Rayex), as employer, and appellant union, as collective bargaining agent, under an agreement then in full force and effect, the validity of which had previously been upheld (cf. Rayex Corp. v. Sanchez, 6 A D 2d 902, motion for reargument denied 6 A D 2d 1044, motion for leave to appeal to the Court of Appeals dismissed 5 N Y 2d 915). The award permitted the employer to discharge the petitioners-respondents for conduct violative of the contract conditions, a deliberate slowdown.
The basic issue is whether the petitioners-respondents have status, within the meaning of subdivision 3 of section 1462 of the Civil Practice Act, to initiate the proceeding.
The court below accepted the petitioners' contention that they had been prejudiced by the mediator's refusal to allow them to be independently represented at the arbitration by counsel of their own choosing. In so deciding, the Appellate Division deemed the petitioners had status as parties since  because their jobs were at stake  they were either third-party beneficiaries of the collective contract or in the position of beneficiaries of a trust. This was a wrong approach. The award, having been rendered in a controversy between the parties to a valid collective agreement, could be vacated only at the initiation of a party to the arbitration in the manner and for the reasons provided by section 1462 of the Civil Practice Act. The misconduct of an arbitrator, contemplated by the statute, and warranting the setting aside of an award, is that "by which the rights of any party have been prejudiced" (§ 1462, subd. 3; emphasis supplied). The petitioners, not being parties to the agreement, may not avail themselves of rights which under the Civil Practice Act are limited to parties; an exception to such limitation may not be created by judicial application of equitable principles, nor may a basis for vacatur be supplied by implication. Such a result can be accomplished only by appropriate legislative *400 action. Furthermore, the ruling complained of was well within the reach and scope of our recent decision in Parker v. Borock (5 N Y 2d 156). There we made it clear that an employee could not avail himself of the arbitration procedure provided in the collective bargaining agreement since there, as here, the contract granted such right only to the union and to the employer (cf. Hudak v. Hornell Ind., 304 N.Y. 207). This was in the interest of maintaining orderly procedure under accepted principles of substantive law. At the same time, an employee is not foreclosed, in an appropriate case, from pursuing any remedy at law that might be available for breach of fiduciary duty owing by the union.
The order of the Appellate Division should be reversed and the arbitrator's award reinstated.
FROESSEL, J. (dissenting).
Seven employees (herein called petitioners), each earning about $42 per week, were threatened with discharge by their employer, Lenscraft Optical Corporation, for having allegedly caused slowdown activities at the latter's plant. At the instance of appellant, petitioners' union Local No. 122, which had a collective bargaining agreement with the employer, the provisions of which are not before us, arbitration was had with the employer and the matter was submitted to the New York State Board of Mediation.
About two hours before the arbitration hearing was scheduled, the employer delivered letters to petitioners informing them that the hearing was to be held at 2:00 P.M. on that day, March 8, 1957, and that the letters were "being handed" to them so that they "may appear before the Board and be heard at the hearing" (emphasis supplied). The union also asked them to be present.
At 2:00 P.M. petitioners attended the hearing with an attorney, Henry Brickman. The latter on behalf of his clients applied for an adjournment because of the short two hours' notice, and pointed out that the union lawyer then present was the same attorney who appeared as of counsel to the attorneys for the employer in an injunction proceeding seeking to enjoin these very petitioners and others from picketing in December, 1956; that this same attorney appeared again as of counsel to the employer in an employer's application to punish officials of *401 another union for contempt. He further stated to the arbitrator that, absent proper representation by an attorney of their own selection, petitioners would be in effect defendants in a kangaroo court. His application was resisted by the same union attorney.
The arbitrator granted a short four-day adjournment (from Friday to Tuesday, March 12th), and reserved decision as to Brickman's right to represent petitioners, who were the specific individuals involved in the dispute before the arbitrator. On Monday the arbitrator telephoned Brickman that petitioners could not be represented by independent counsel, whereupon Brickman advised him that "that would be the same as not having any lawyer". On the following Thursday the arbitrator informed Brickman that the employer had put in its case, that the union interposed no defense, and that on the record he was impelled to award the employer the right to discharge the seven petitioners. Whether or not petitioners deserved to be discharged is of course not before us.
Thereafter, petitioners succeeded in having the award vacated at Special Term in the present proceedings, and the Appellate Division has unanimously affirmed. Upon the record, we agree with the courts below. The Appellate Division has collated the cases in this and the lower courts in this somewhat unsettled area of the law. Ordinarily, it may be said that a union, as the employees' bargaining agent, may control the presentation and prosecution of grievances under a standard collective bargaining agreement. Respondents recognize this rule which is based on sound policy. But the rule is not inflexible. Where, for example, employees, as to specific rights, are in effect the designated third-party beneficiaries under such an agreement, they may sue the employer directly (Hudak v. Hornell Ind., 304 N.Y. 207). And where as here the rights of specific employees are directly involved, and a determination in an arbitration proceeding voluntarily initiated by the employer and the union will in effect be binding upon the employees, it would be contrary to every principle of justice and fair dealing to have them or their union represented by counsel who has in related matters also acted as counsel for the employer. Implicit in the general rule above stated is the requirement that such representation must be free from fraud, collusion, double-dealing or like conduct; otherwise a workman would be wholly at the mercy of a conspiracy *402 against him between his union and his employer. How, indeed, could one reasonably require these petitioners, who were invited to come to the hearing and be heard, to submit to representation by union counsel who represented the employer in litigation affecting these same petitioners? Upon the plainest principles of elementary justice, the policy of the courts in formulating the general rule cannot be deemed to embrace such a situation (see Matter of Iroquois Beverage Corp. [International Union], 14 Misc 2d 290; Manson, Labor Relations Law, 32 N. Y. U. L. Rev. 1374-1375; Rights of Individual Workers in Union-Management Arbitration Proceedings, 66 Yale L. J. 946 et seq.; Pattenge v. Wagner Iron Works, 275 Wis. 495).
This is not a case where the union by inaction declines to demand arbitration as in Parker v. Borock (5 N Y 2d 156). Nor is it a situation where the employee sought to vacate an award by a plenary action in equity, as in Donato v. American Locomotive Co. (283 App. Div. 410, 417, affd. 306 N.Y. 966). In that case it was strongly intimated that the employee might intervene in the arbitration proceeding and move to vacate the award (p. 416) under the provisions of sections 1459 and 191-193-b of the Civil Practice Act.
If a union under a collective bargaining agreement assumes to represent its members, it must do so fairly and in good faith. When it supplies counsel who has also acted for the employer in labor matters and who merely goes through the form of an arbitration proceeding affecting substantial rights of specific individuals, of all of which the arbitrator had notice, the award may properly be vacated. Petitioners had no time to seek leave from the Supreme Court to intervene, for they had but two hours' notice of the hearing and but 24 hours' notice that they could not be represented by independent counsel. They properly sought redress under section 1462 of the Civil Practice Act.
As the Appellate Division stated below: "Enough was shown to negative the possibility of fair representation of the interests of petitioners by Local 122. The denial of the right to independent representation, under the special circumstances of this case, vitiated the award rendered in the absence of the petitioners at the hearings, particularly since the evidence which they were seeking to adduce on the question of collusion went directly to the issues to be decided by the arbitrator. There *403 was no invalid exercise of power and no abuse of discretion in vacating the award."
The order of the Appellate Division should be affirmed, with costs.
Order reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.