Birdie Amsterdam, J.
Defendant Appleby moves for a stay of this action and all proceedings herein, pending arbitration of the dispute between the parties.
*710 Plaintiff is a former employee of the defendant firm, Newman Company. He sues to recover wages allegedly earned and due him for work performed in excess of his regular working week, for which he asserts the defendants agreed to pay him at one and a half times the hourly wage for such excess work. Throughout the period involved, the defendant company operated its business as a union shop pursuant to the provisions of a master collective bargaining agreement between the “ Association ”, of which it is a member, and the union. Said agreement specifies (a) that no agreements may be entered into between any employee and employer in violation of the terms of the collective bargaining agreement; (b) what the “ regular working week ” shall consist of; (c) what the minimum weekly wage is for each employee; and (d) that wages are to be paid weekly in cash.
By paragraph Thirteenth of the collective bargaining agreement, it is further provided that ‘ ‘ any dispute or controversy which may arise during the term of this agreement and which cannot be adjusted between the Union’s Shop Chairman and the particular Employer * * * shall be referred to the officers of Union and to the Executive Director of the Association, who shall endeavor to settle such dispute. Should they be unable to come to any agreement or settlement, then, upon demand of either the Union or the Association, the dispute shall forthwith be referred to the New York State Board of Mediation, which shall designate an Arbitrator to hear and determine said dispute. The determination of the Arbitrator shall be binding upon all parties.”
Notwithstanding snch provision plaintiff commenced this action, disregarding the remedies available thereunder. He urges that he is not required to arbitrate since his agreement was personal with the defendant company for extra work and was an agreement between them separate and apart from the ambit of the collective bargaining agreement. He cites as support for his position the case of Hudak v. Hornell Inds. (304 N. Y. 207). A study of that case, however, clearly persuades this court, that plaintiff’s reliance thereon is misplaced. The ease is inapplicable to the facts here as poignantly indicated by the very language of the Court of Appeals, when it stated (p. 212) that “ Here, we do not merely have the ordinary collective bargaining agreement providing for the employment of union labor generally, but much more.” And, in speaking of the agreement between the parties, it said (p. 213) it “bears no other reasonable construction than a specific undertaking on the part of defendant to hire plaintiffs for a fixed period and for a *711 stipulated compensation, as it had done for a number of years prior thereto.”
In contrast thereto the agreement herein is the ordinary general type of collective bargaining agreement. The parties are bound by its conditions and provisions. As heretofore stated, paragraph Thirteenth thereof provided that any dispute or controversy shall be submitted to arbitration if the process of available adjustment is unsuccessful. Under section 1451 of the Civil Practice Act if any action be brought upon any issue otherwise referable to arbitration under a contract or submission, the court “ shall stay all proceedings in the action or proceeding until such arbitration has been had in accordance with the terms of the contract or submission.”
Accordingly, the plaintiff is relegated to arbitration and the motion for a stay is granted.