Lawrence W. LARSEN, Plaintiff,
v.
AMERICAN AIRLINES, INC.,
Defendant.

United States District Court
S. D. New York.

July 2, 1962.

Frank H. Gordon, New York City, Samet, Gordon & Riseman, New York City, and Edward Robin, New York City, of counsel, for plaintiff.

Arthur M. Wisehart, New York City, George A. Spater, New York City, of counsel, for defendant.

METZNER, District Judge.

This is an action by a former employee of defendant for wrongful discharge. Defendant moves pursuant to Fed.R. Civ.P. 12(b) (1, 6), 28 U.S.C.A. to dismiss the complaint, on the grounds that the court lacks jurisdiction over the subject matter, and that the complaint fails to state a claim upon which relief can be granted. Jurisdiction is based on diversity.

Defendant has submitted several affidavits which have not been considered

by the court,[1] and the motion is disposed of solely on the legal questions raised by the motion.

The complaint alleges that plaintiff was employed by defendant as a pilot pursuant to a collective bargaining agreement. It further alleges that on March 15, 1959, plaintiff was in command of one of defendant's planes which crashed at Midway Airport in Chicago; that the crash was solely the result of an inaccurate weather forecast, extremely bad weather conditions, erroneous directions from the airport tower, and faulty plane instruments; and that plaintiff's conduct was in no way responsible for the crash and that he acted in accordance with ordinary standards of a properly qualified commercial airplane pilot and flight captain. On April 29, 1959, defendant gave plaintiff a notice of termination of employment, charging him with a failure to exercise proper professional proficiency during the crash.

Plaintiff then requested a hearing on the dismissal notice pursuant to section 27 of the contract. The request was granted and the hearing scheduled for June 5, 1959. On that date the hearing was commenced, but adjourned before completion. Then, on June 26, 1959, defendant informed plaintiff that his right to a hearing was forfeited, and in January 1960 notified him that it considered the matter of a hearing closed, and that as a result plaintiff's employment was terminated. Plaintiff alleges that he never waived his right to a hearing, that defendant refuses to grant him a proper hearing, and defendant has aborted the procedures provided in the contract.

The basis of plaintiff's first claim for relief is the refusal of defendant to complete the originally scheduled hearing, which he claims constitutes an unlawful discharge and a breach of contract.

The second claim for relief is that the basis for the charge of unprofessional conduct asserted in the letter of April 29, 1959, was never specified, never supported by evidence produced by defendant, and is unjustified, and that termination of plaintiff's employment on the basis of an unsupported charge constitutes an unlawful discharge. Damages of $275,000 are claimed.

Defendant's motion is based on four grounds. First, defendant contends that plaintiff has agreed to arbitration as the exclusive remedy for breaches of contract and may not, therefore, maintain this action. Further, it contends that plaintiff's failure to appeal to the System Board of Adjustment (hereinafter referred to as the Board), after having invoked the grievance procedure under the contract, constitutes a failure to exhaust his administrative remedies which precludes a suit for wrongful discharge.

The second ground for defendant's motion is that the failure to appeal to the Board from the denial of the grievance on January 11, 1960 precludes suit, since the contract provides that any grievance decision not appealed within the time specified becomes "final and binding." In essence, it is the same contention as is made under the first ground. The determination of these two grounds depends on the application of the law of New York to the contract.

The third ground of the motion is that plaintiff's request for a hearing constitutes an election to follow the grievance procedure rather than to sue, and that under federal law he is bound by his election of remedies.

The fourth ground of the motion is that plaintiff's allegations concerning denial of a proper hearing, and denial of his grievance without supporting evidence, constitute matters within the exclusive jurisdiction of the Board, since they involve questions of the proper functioning of the grievance procedure.

The facts alleged in the complaint must be taken as true for the purposes of this motion.

The collective bargaining agreement provides that a pilot may not be dis-

---

1. The collective bargaining agreement referred to in the complaint was submitted by defendant and has been considered on this motion.

missed without an investigation and hearing if the pilot makes written request therefor. Prior to such investigation and hearing, the company must notify the pilot in writing of the precise charges against him. The investigation and hearing are held by an operating official of the employer and shall be held within ten days after receipt of the written request. The employer shall announce its decision in writing within ten days after close of such investigation and hearing. Thereafter, the pilot may appeal the employer's decision to the "Regional Operations Officer of the Company" by filing such appeal within ten days after receiving a copy of the company's decision on the investigation and hearing. Within ten days after the close of the hearing on the appeal, the regional operations officer shall furnish his decision in writing to the pilot. This is the handling "in the usual manner" referred to in the Railway Labor Act. 45 U.S.C.A. § 184. The pilot may, within thirty days, further appeal an adverse ruling by the regional operations officer to the Board, which consists of two representatives of the Pilots Association and two representatives of the employer. The Board is created by the contract pursuant to section 184. The contract further provides that any decision made by the company, i. e., an operating official at the first stage or the regional operations officer of the company at the second stage, shall be final and binding unless appealed by the pilot within the time prescribed therein.

■■ In Moore v. Illinois Cent. R. R., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941), the Supreme Court held that the Railway Labor Act, 45 U.S.C.A. § 151 et seq., does not require an employee who claims an alleged wrongful discharge to exhaust the administrative remedies provided in the grievance and arbitration procedures before instituting a common law suit for damages. The Court held that the provisions in the Railway Labor Act for appeal to the Railroad Adjustment Board were purely voluntary in the type of case before it. In that case Moore had requested a hearing and appealed the adverse determination by the hearing officer to the general manager. He abandoned the appeal and instituted the suit for wrongful discharge in the state court, which was removed to the federal court. See 112 F.2d 959, 962 (5th Cir., 1940). The Court sustained a judgment for Moore. Slocum v. Delaware, L. & W. R. R., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795 (1950), reaffirms Moore. The Supreme Court has specifically stated that the rule of the Moore case is an exception to the doctrine that the Board has primary jurisdiction in cases involving interpretations of collective bargaining agreements. Pennsylvania R. R. v. Day, 360 U.S. 548, 553, 79 S.Ct. 1322, 3 L.Ed.2d 1422 (1959).

The law relating to suits for wrongful discharge was further developed in Transcontinental & Western Air, Inc. v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325 (1953).[2] Professor Summers recently said that

"The one exception [to the Board's having primary exclusive jurisdiction over individual claims] is that an employee who is discharged can treat his discharge as final and sue for damages. This is a shriveled remnant of Moore * * * which now has restricted application, see Transcontinental & W. Air, Inc. v. Koppal * * *, but which the Court has not yet overruled. See Pennsylvania R. R. v. Day." Individual Rights in Collective Agreements and Arbitration, 37 N.Y.U.L.Rev. 362, 386 n. 114 (1962).

2. Title II of the Railway Labor Act (45 U.S.C.A. §§ 181–188) provides procedures in the aviation field analogous to those in title I of that act (45 U.S.C.A. §§ 151–163) in the railroad field. While section 153 provides for the creation of a National Railroad Adjustment Board whose decisions are binding, section 184 provides for the creation of such boards for each airline by contract. These contracts provide that the Board's decision is final. See Bower v. Eastern Airlines, Inc., 214 F.2d 623 (3d Cir.1954).

In the Koppal case the employee was denied relief at the first step in the administrative procedures, and instead of appealing that determination in accordance with the contract provisions, he instituted suit for wrongful discharge. The Court held that an employee must first exhaust his administrative remedies if the state law on which his claim is based requires such exhaustion as a condition to suit. The Court dismissed the action on the ground that Missouri, the state where the claim arose, required exhaustion of remedies, and pointed out that Mississippi law, which was applicable in the Moore case, did not have such requirement.

On the basis of these cases, defendant's third and fourth contentions must be rejected.

We come now to the question of the applicable New York law, bearing in mind that the contract provided a complete scheme for the adjustment of labor disputes with a provision that a decision at each stage of the procedures is final and binding if not appealed within the time prescribed. A search of the record in the Moore case discloses that the contract did not have a provision for finality as is present in the instant case. However, there was such a provision in the contract in the Koppal case, although the Court did not make mention of this fact in its opinion. The parties have agreed that they cannot find a New York case dealing with exhaustion of contractual remedies either with or without the provision for finality. The court, despite extensive research, has also been unable to find such a case.

In Hudak v. Hornell Industries, Inc., 304 N.Y. 207, 106 N.E.2d 609 (1952), an employee sued for wrongful discharge, and one of the contentions made by defendant was that he had failed to comply with a condition precedent, viz., a determination by arbitration of the wrongfulness of the discharge. The court sustained the action on the ground that the collective bargaining agreement provided for arbitration between the union and the defendant, and the "instant action is between two individual employees and defendant."

In Parker v. Borock, 5 N.Y.2d 156, 182 N.Y.S.2d 577, 156 N.E.2d 297 (1959), a suit for wrongful discharge, the employee initially invoked the grievance procedures in the collective bargaining agreement, and after adverse determination the union refused to pursue the right to arbitrate, although requested to do so by the plaintiff. The contract gave the right to invoke arbitration to the union only. The court, in sustaining the granting of defendant's motion for summary judgment, held that the sole remedy for wrongful discharge was arbitration pursuant to the contract and that plaintiff was bound by this provision because the contract so provided. This is referred to as the "inure to" clause. See Ott v. Metropolitan Jockey Club, 282 App.Div. 946, 125 N.Y.S.2d 163 (1953), aff'd 307 N.Y. 696, 120 N.E.2d 862 (1954). The Hudak case was distinguished by both Parker and Ott on the ground that the contract did not have an "inure to" clause.

■ In the instant case, we do not have an "inure to" clause nor is the right to invoke the grievance procedure limited only to the union. Rather, this right is given specifically to the plaintiff, who has taken advantage of some of the contract provisions. He cannot disavow others. Panzarella v. New York Central System, Inc., 27 Misc.2d 57, 207 N.Y.S.2d 933 (1960); Spilkewitz v. Pepper, City Ct., 159 N.Y.S.2d 53 (1957); Di Rienzo v. Farrand Optical Co., Mun.Ct., 148 N.Y.S.2d 587 (1956); Johnson v. Kings County Lighting Co., Sup., 141 N.Y.S.2d 411 (1955).

■■ We come now to the question whether plaintiff has been relieved from his contractual obligations because of the allegations that the defendant has breached the terms of the agreement. Normally, under New York law the question of a breach of the agreement is for the arbitrators. Lipman v. Haeuser Shellac Co., 289 N.Y. 76, 80, 43 N.E.2d 817, 142 A.L.R. 1088 (1942). When plaintiff received the notice of June 26,

1959, he should have proceeded to the next step in the grievance procedures by filing a notice of appeal pursuant to the terms of the contract. This he failed to do, and in any event, if he did not consider the notice of June 26, 1959 an adjudication of his claim, it would appear from the complaint that the notice of January 1960 was such an adjudication.

Plaintiff has failed to state a claim under New York law. Motion granted. So ordered.

