Simon J. Liebowitz, J.
Petitioner, a licensed regular teacher of common branch subjects in the New York City public schools, seeks in this article 78 proceeding to .review the Board of Education’s denial of her application for a second salary differential she claims to be entitled to under Schedule C-6 for the period from September 1, 1969 to June 8, 1970 in the sum of $1,134.36, with interest from May 6,1970.
Petitioner graduated in 1931 after completing a three-year course in Maxwell Training School. Thereafter she was employed as a substitute teacher, having passed a special examination held in 1962 for substitute teacher of common branch subjects. Later, movant took and passed an examination and was appointed on February 1, 1964 as a regular teacher of common branch subjects, which position she concededly holds at present. Pursuant to respondent’s by-laws and the provisions of the collective bargaining agreement the Board of Education and the United Federation of Teachers, Local No. 2, entered into, petitioner applied for the first salary differential under Schedule C-2, and upon being found qualified, was granted the prescribed increase effective July 1, 1967.
In September, 1969, movant applied for the second salary differential on the basis of article D 2a4a (Schedule C-6 of the collective bargaining agreement) claiming entitlement to such *91 salary increase. Under such section, differentials are granted to teachers who: “ At the time of appointment were not required to hold a baccalaureate as an exclusive prerequisite to qualify for the teaching license, provided graduates of an approved three year normal or teacher training school have completed 45 semester hours of approved study beyond such graduation ’ ’. Upon rejection of her application by the salary unit, at her instance, a grievance conference was held on December 18, 1970. The respondent’s Assistant Superintendent, Sidney Rosenberg, informed petitioner, by letter dated February 2, 1971, that her request for the second differential was disapproved, stating as here pertinent: ‘ ‘ Inasmuch as you were last licensed and appointed as a regular teacher as a result of the 923 eligible list, at a time when the baccalaureate or its equivalent was accepted, you need sixty (60) credits after the equivalent (i.e. 120 + 60) in order to be eligible for the second salary differential. These .requirements must be met by June 30, 1970.”
Petitioner, feeling aggrieved by disapproval of her protest of the salary unit’s decision, appealed to the Chancellor, who following a hearing on April 20, 1971 at which petitioner and others interested were present, on May 25, 1971 approved the finding and recommendation of his hearing officer denying the appeal on the ground that she was ineligible for this salary differential.
It appears that the conclusion reached, here challenged, was based upon a grievance appeal decided June 3, 1964 which resulted in a definitive finding by an arbitrator who, where similar issues as here were presented, i.e., an application for a salary differential, upheld the posture of the board.
Petitioner claims that (1) she is not bound by the arbitrator’s decision of 1964 which interpreted the provision on which she now relies; (2) that such decision was not confirmed by the Supreme Court within one year after its delivery to the board and the union; (3) that the time to confirm it has long since expired and it cannot now be confirmed or enforced, and it now has no legal effect whatever.
The collective bargaining agreement between the Board of Education and the United Federation of Teachers on the subject of arbitration (art. YII) states as here relevant that: “ The decision of the arbitrator * * * will be accepted as final by the parties to the dispute and both will abide by it. * * *
‘ ‘ The Board agrees that it will apply to all substantially similar situations the decision of an arbitrator sustaining a *92 grievance and the Union agrees that it will not bring or continue, and that it will not represent any employee in, any grievance which is substantially similar to a grievance denied by the decision of an arbitrator.”
From the foregoing it is clear that the interpretation given was binding and in accord with the provisions contained in the collective bargaining agreement of the parties. Furthermore since petitioner .seeks the benefits of the agreement, she likewise is bound by all its terms which enure to her benefit as well as the benefit of all the members of the teachers’ union. Conceding her membership in the United Federation of Teachers petitioner thereby indicates that she has entrusted her rights to her union representatives who admittedly were present andr raised no objections at the conferences and hearings, supra.
As this court stated in Matter of Kaufman v. Goldberg (64 Misc 2d 524, 530): “ The law is well established that by union membership an employee indicates he ‘ has entrusted his rights to his union representative ’ and ordinarily has no individual right to demand or control the arbitration procedures (Parker v. Borock, 5 N Y 2d 156; Matter of Soto [Goldman], 7 N Y 2d 397; Chupka v. Lorenz-Schneider Co., 12 N Y 2d 1).”
Furthermore, the Court of Appeals in Soto referred to its decision in Parker v. Borock stating (p. 400) as here pertinent: “ There we made it clear that an employee could not avail himself of the arbitration procedure provided in the collective bargaining agreement since there, as here, the contract granted such .right only to the union and to the employer (cf. Hudak v. Hornell Ind., 304 N. Y. 207).”
Unquestionably, petitioner could qualify for the second salary differential only under subdivision 5 of the agreement which provides as follows: “ (5) Teachers who have completed 60 semester hours of approved study beyond such courses offered for and accepted by the Board of Examiners as the equivalent of a baccalaureate for eligibility for the license under which the teacher is serving at the time of filing application for .salary differential. ’ ’
Upon all the submitted papers therefore I find that the action of the respondent was in all respects proper. The application is accordingly denied and the petition dismissed.