Thomas J. O’Donnell, J.
Petitioners seek confirmation of an arbitrator’s decision.
In January, 1973 the respondent Board of Education of the City of Buffalo (the Board) appointed Jane McDevitt as Supervisor of Personnel. On January 29, 1973, Charles Sodaro, an unsuccessful applicant for that position, filed a grievance with the Board. The grievance procedure culminated in an arbitration proceeding, the results of which we are asked to confirm.
Three questions were submitted to the arbitrator:
1. Did the Board violate the parties’ collective bargaining agreement when it appointed Jane McDevitt. to the position of Supervisor of Personnel in January, 1973?
2. Is the grievant, Charles Sodaro, entitled to be appointed to that position?
3. If the Board has violated the contract, what should the remedy be?
The arbitrator found that the grievance was governed by the Buffalo Public School Administrators Association contract. He also found the appointment of Jane McDevitt to be im *645 proper and directed the Board to follow a prescribed procedure in filling the position in question.
The arbitrator refused to allow Jane McDevitt to intervene in the proceeding on the ground that the Board would sufficiently protect her rights.
A number of cases have been brought to our attention which hold that an employee is not a necessary party to arbitration proceedings. In fact, they are considered to have no interest in those proceedings, having relinquished that interest to the union which represents them. (Parker v Borock, 5 NY2d 156; Matter of Soto [Goldman], 7 NY2d 397; Chupka v Lorenz — Schneider Co., 12 NY2d 1.) In each of those cases, and a number of others which have followed their holdings, there existed a situation not present in the case before us. In each of those, the employee seeking redress was a member of a union which had entered into a collective bargaining agreement with the employer. The case before us presents an extraordinary situation. Prior to her appointment, Ms. McDevitt was a member of the Buffalo Teacher’s Federation. Her appointment as administrator, in effect, nullified that membership. In the ordinary course, she presumably would have become a member of the Buffalo Council of Supervisors and Administrators and entitled to representation by that group. That union, however, was processing a grievance on behalf of one of its members against McDevitt’s appointment. She was, therefore, left without a union to represent her. She sought to represent herself, through counsel, and this request was denied.
The factual situation which is before us has rarely been considered by the courts. It has been held that such a situation gives rise to the unusual remedy of a cause of action by the unrepresented plaintiff (Parker v Borock, supra) or intervention in the arbitration proceeding. (Matter of Iroquois Beverage Corp. [International Union], 14 Misc 2d 290.) We find that the arbitrator erred in refusing to allow the intervention of the affected employee. The question remains as to whether this error is sufficiently serious as to require vacatur of the award.
Having no union to represent her, the employee was forced to rely on her employer to protect her interests. If the interests of both were the same and that the Board vigorously pursued those interests, we would find no prejudice to the employee. While the interests of both parties are similar, it *646 cannot seriously be argued that they are the same. The Board’s primary interest was determination of proper procedure. The individual employee, and her rights, were necessarily a secondary consideration. Ms. McDevitt had, and retains, a vested property right she wished to protect. Failure to allow her to protect that right was a blatant violation of her right to due process, and resulted in prejudice to her. Arbitrators are given broad powers under the laws of this State. Those powers do not include the right to ignore the constitutional rights of individuals. These are paramount to any powers the arbitrator possesses. To confirm the award in this instance, therefore, would be grossly inequitable.
The petition must be denied. The request to intervene is granted, and the matter is referred back to the arbitrator for further proceedings.