Morris Eder, J.
Motion to stay arbitration granted (Civ. Prac. Act, § 1458). There is no basis for an arbitration under the agreement. Paragraph Eighth of the agreement provides: ‘ ‘ Eighth: The employer shall have the right to discharge any employee for just cause. Any employee who is discharged shall have the right to appeal his discharge, but notice in writing of such appeal must be given to the employer within three (3) days of such discharge. Such appeals shall be handled through the grievance machinery hereinafter set forth. It is understood and agreed, however, that nothing herein contained shall, take away the right of the employer to hire or fire for just cause.”
The petition alleges that on January 28, 1947, one Anna Kibiels, an employee of petitioner, was discharged for causing merchandise to be taken from its plant in violation of its rule that no merchandise is to be taken from the plant without an official authorization from the company. The union contends that such discharge was not for just cause within the meaning of the above-quoted provision.
In the instant case notice in writing was not given to the employer within the time specified in the agreement. This is conceded.
The provision is, in effect, a Statute of Limitations, and the right to demand arbitration is barred by failure to give the required notice within the time prescribed, unless waived.
The union terms this a mere technicality. I disagree. It is more than that. It is a matter of contractual right, and is one of substance. If this provision may be glossed over and ignored, why not any other ?
In my opinion the application is proper and the stay requested is granted.
Settle order.