Morris Eder, J.
Motion by petitioner employer to stay arbitration instituted by respondent union, upon the ground that the arbitration was not initiated within the time prescribed by section 3 of the collective bargaining agreement entered into between the parties.
Cross motion by respondent to dismiss the petition of the employer upon the grounds (1) the court has no jurisdiction of the person of respondent; (2) the petition does not state facts sufficient to constitute a cause of action.
The cross motion is denied. A motion to stay arbitration is not an original special proceeding, but it is a step in an existing special proceeding, a mere practice motion therein. The service of the notice initiating the arbitration proceeding is the commencement of the special proceeding (Matter of Grand Cent. Theatre v. Moving Picture Mach. Operators Union, Local 306, 69 N. Y. S. 2d 115, affd. 263 App. Div. 989; Matter of Aarons v. Local 32-E, Bldg. Service Employees International Union, 82 N. Y. S. 2d 262). There is no 11 cause of action ’ ’ pleaded upon a motion for a stay, and the motion ground urged is unau *738 thorized. As to the contention that the court has no jurisdiction of the person of the respondent, it proceeds on the premise that respondent is a labor organization, a voluntary, unincorporated association, and may only be sued in the name of its president or treasurer, and reliance is placed on section 13 of article 3 of the General Associations Law. It is without application. The instant application is not a “ suit ”; it is neither an action nor a special proceeding; it is merely, as stated, a practice motion in a pending special proceeding, which was begun by the respondent. There is no legal stability to the cross motion in any respect.
As to the motion of petitioner to stay the arbitration, it is granted.
Section 3 of the collective bargaining agreement, entitled *1 Discharges ’ ’, provides that where an employee is discharged, — u The employer shall then give the Union notice of the discharge and the Union shall have four (4) days within which to challenge the discharge and submit the dispute to arbitration as hereinafter provided.” The provision refers to a discharge for dishonesty, fighting, willful injury to employer’s property, also intoxication.
As to any other cause resulting in discharge of the employee, notice must also be given to the Union, and, similarly, the Union, under said section 3, in the event an amicable adjustment cannot be reached between the Union and the employer, in that event — “ The Union may then have four (4) days within which to submit the matter to arbitration as hereinafter provided.”
The petitioner contends that as the arbitration was not instituted by respondent within the four days’ limitation period, the arbitration may not proceed against objection by petitioner.
Eespondent contends, in opposition, that written notice of discharge should have been given to it by petitioner, but was not given. Written notice was not required to be given. The discharge clause {supra), does not require written notice to be given of a discharge or of an intention to discharge.
The notice given was enough and set the time running. That notice was given is fully shown and the letter of January 18,1952 sent by respondent’s attorneys to petitioner’s attorneys, referring to the “ numerous, conferences ”, quoted verbatim in the reply affidavit of petitioner’s attorney, Mr. Spitzer, leaves no doubt that notice of the discharge was given to respondent. It is absurd to contend otherwise.
Finally, it is set up as a defense that the parties by mutual agreement extended the time within which respondent is entitled to institute arbitration proceedings.
*739 It is not alleged whether such mutual agreement is in writing, nor are the terms set forth or the time given by such alleged agreement for institution of the arbitration proceeding. This defense seems rather cautiously pleaded, being utterly destitute of allegations of fact and prominent by its absence of details and particulars.
In any event, it has no legal stability, as it appears that the collective bargaining agreement prohibits modifications of its provisions except in writing: ‘ ‘ This constitutes the sole and entire agreement between the parties hereto and it may not be modified, except in writing signed by authorized representatives of both parties.”
If an alleged oral modification is relied on by respondent, extending the respondent’s time to institute arbitration proceedings beyond the four days ’ limitation period, it is ineffective under subdivision 1 of section 33-c of the Personal Property Law, which prohibits any modification of a written agreement by parol, which contains a provision to the effect that it can only be changed in writing and must be signed by the parties.
The arbitration was not commenced by respondent within the period prescribed by the agreement and bars the right of respondent to proceed with the arbitration (Matter of Ketchum & Co. [Allied Trades Council], 20 Misc 2d 736).
The motion to stay the arbitration proceedings is granted.
Settle order.