SARAH WEINER, Doing Business as WHITE ROE LAKE, et al., Appellants, *v.* MERCURY ARTISTS CORPORATION, Defendant, and JOE RICARDEL, Respondent.

First Department, May 18, 1954.

*Howard M. Lester* of counsel (*Emile Z. Berman,* attorney), for appellants.

*Sidney W. Dreeben* of counsel (*Goldberg & Dreeben,* attorneys), for respondent.

DORE, J.  Plaintiffs, representatives of a summer resort, sued defendants, who agreed to supply an orchestra and its leader, for damages for the orchestra's failure to appear in breach of the agreement to do so.  On defendant's motion to stay all proceedings in the action pending an arbitration under an alleged agreement to arbitrate, Special Term granted the motion and stayed all proceedings until arbitration has been had.  Plaintiffs appeal.  The sole issue is: whether plaintiffs made a binding and definitive contract to arbitrate any controversy that might arise.

The contract between the parties was a one-page standard form without any mention or reference to any agreement to arbitrate; but it did contain a clause that: " the rules, laws and regulations of the American Federation of Musicians, and the rules, laws and regulations of the Local in whose jurisdiction the musicians perform * * * *are made part of this contract,* and *to such extent,* nothing in this contract shall ever be construed as to interfere with *any obligation which any employee hereunder may owe to the American Federation of Musicians pursuant thereto."* (Italics ours throughout.) The rules thus allegedly incorporated by reference into the simple one-page contract between the parties consist of a 207-page printed booklet in which somewhere between pages 62 and 66 of this bulky document, there is a wordy and at least as to the parties involved, a somewhat vague provision for arbitration to be determined, however, by the *International Executive Board of the Federation.*

Plaintiffs are not in the music business, and, of course, they never saw nor were ever made aware of the existence or the nature of the rules of the Federation or informed that they contained any arbitration provisions. Under the circumstances disclosed, we hold that the provision of the contract relating to incorporation of the printed booklet was not sufficiently clear to bind plaintiffs to a definitive contract to arbitrate. Indeed, a reading of the relevant provisions of the booklet would seem to indicate that the Federation rules were applicable so far as charging union rates, etc., but not clearly applicable to the extent of requiring arbitration between these parties especially where, as here, the alleged impartial arbitrator was to be the union itself in any controversy with plaintiffs, who contracted to engage an orchestra.

The state of facts set forth herein is sufficient to distinguish this case from *Matter of Level Export Corp. (Wolz, Aiken & Co.)* (305 N. Y. 82). We think the issue before us is to be controlled by the decision of the Court of Appeals *subsequent* to the *Level* case *(Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.],* 306 N. Y. 288). In that case the Court of Appeals (p. 289) said: " The rule is that a party is not to be compelled to surrender his right to resort to the courts, with all of their safeguards, unless he has agreed in writing to do so *(Matter of Philip Export Corp. [Leathertone, Inc.],* 275 App. Div. 102, 104), and by clear language *(Matter of Lehman* v. *Ostrovsky,*

264 N. Y. 130, 132). Although one may by contract bargain away his right to resort to the courts in matters which might be the subject of a civil action (Civ. Prac. Act, § 1448), ' the agreement to do so will not be extended by construction or implication ' (*Western Assur. Co.* v. *Decker,* 98 F. 381, 382)." The clause in question in this contract is similar to that in *Matter of General Silk Importing Co. (Gerseta Corp.)* (234 N. Y. 513) in which arbitration was denied. As the Court of Appeals said in the *Riverdale* case (*supra,* p. 291): " The intent must be clear to render arbitration the exclusive remedy; parties are not to be led into arbitration unwittingly through subtlety."

The order appealed from should be reversed and the stay denied, with costs to plaintiffs-appellants.

PECK, P. J., CALLAHAN, BREITEL and BERGAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, and the motion for a stay denied. [See 283 App. Div. 1052.]