In the Matter of the Arbitration between JAY KAY METAL SPECIALTIES CORP., Respondent, and UNITED SERVICE EMPLOYEES UNION, LOCAL 377, C. I. O., Appellant.

First Department, December 7, 1954.

*Charles R. Katz* of counsel (*Katz & Wolchok,* attorneys), for appellant.

*David Halper* of counsel (*Mandelker & Halper,* attorneys), for respondent.

BOTEIN, J. The agreement provides that any and all disputes shall first be taken up for adjustment by representatives of the parties, and that the dispute shall be submitted to arbitration only in the event of failure to bring about an adjustment. This provision was explicitly and pointedly brought to the attention of the union by the employer's attorney in his letter of April 22, 1954, in which he also made it clear that the employer was holding, as escrowee, the funds which are the subject matter of the controversy. The employer's position has always been that this is essentially a dispute between two competing locals, that the employer is only concerned peripherally, but seeks to avert the very real danger of being obliged to repay a similar amount to the other local. Such a dispute is one which might lend itself readily to resolution by the process of friendly negotiation. Nevertheless, the union rejected the employer's implicit invitation to negotiate, and served its demand for arbitration a few days after receipt of the letter of April 22, 1954.

I therefore vote to affirm on the ground that the arbitration demand was made prematurely.

DORE, J. P. (concurring for affirmance). I concur in the opinion of BOTEIN, J., and in addition I think the National Labor Relations Board may hold that the three-year check-off clause was illegal from the beginning.

Accordingly, I concur to affirm the order staying arbitration.

CALLAHAN, J. (dissenting). In my opinion, it was improper to stay the arbitration in this case.

There seems to be no merit to the contentions advanced for the first time on appeal that the union waived or abandoned its right to arbitration and was premature in its demand.

The arbitration was stayed on the sole ground that proceedings were pending before the National Labor Relations Board for an election and certification of a rival union as collective bargaining agent for the employees. The demand for arbitration in this case was made in accordance with the provisions of a contract having a term of three years. The dispute between the union and employer arose during the contract period. The fact that an application was made to the board as aforesaid within the three-year term of the contract does not mean that the board

could or would interfere with matured contractual rights. It may be noted that the proceedings on such application are still pending and undecided by the board. While it may have the power to determine that a collective bargaining agreement covering a period of three years was improper in the industry and, therefore, not a bar to another election within such period, this does not mean that the board will attempt a retroactive invalidation of an existing contract. In any event, the said contract has now expired, and any action now taken by the board in the proceedings before it could not deprive the union of its right to arbitration.

The revocation of individual authorizations for deduction of dues is a matter for presentation to the arbitrator.

Accordingly, I vote to reverse the order appealed from and deny the motion for a stay of arbitration.

DORE, J. P., concurs with BOTEIN, J., in opinion, in which BERGAN, J., concurs; CALLAHAN, J., dissents and votes to reverse and deny the motion in opinion, in which BASTOW, J., concurs.

Order affirmed, with $20 costs and disbursements to the respondent.