Edgar J. Nathan, Jr., J.
Petitioner, Office Employes International Union, Local 153, AFL-CIO (hereinafter referred to as the “ union ”), moves to stay an arbitration proceeding brought on by Piel Bros, (hereinafter referred to as the “ employer ”).
During the month of January, 1960 the employer notified salesmen belonging to the union that they would henceforth be required to solicit patronage from the general public by appearing at a supermarket on their route one day a week. The employees objected to this addition to their duties and refused to comply. After several conferences failed to produce a solution, the employer served a notice of arbitration. The union seeks to stay arbitration because, it alleges, the employer failed to comply with the procedural requirements set forth in article 10 of the collective bargaining agreement headed “ Grievance Procedure.”
It is not disputed that the sole right to arbitration is grounded upon the collective bargaining agreement, and therefore must be had, if at all, in accordance with article 10 thereof.
The employer acknowledges that it did not follow the procedural requirements of article 10, but attempts to excuse this by characterizing article 10 as permissive, rather than mandatory. This contradicts the plain language of the agreement which clearly makes adherence to the procedural requirements of the contract a condition precedent to arbitration as of right. It has repeatedly been held that where there are specific time limits for a demand for arbitration that they bar demands thereafter (Matter of Ketchum & Co., 20 Misc 2d 736; Matter of Atram, 156 N. Y. S. 2d 562).
Despite a contrary claim by the employer, it is clear that at no time has the union waived the procedural requirements of the contract. In the words of Mr. Justice Steuer of this court: “ It is not for the court to say that where the parties have made careful and elaborate provisions that these can be ignored on a plea of substantial justice. No such plea can justify the court in changing the terms that the parties have agreed to ’ ’ (Matter of Mark Cross Co., 181 N. Y. S. 2d 110). The motion is granted.