Felix J. Aulisi, J.
The petitioner, Fownes Bros. Co., Inc. (hereinafter referred to as “ Fownes ”), applies for a stay of arbitration proceedings pursuant to section 1458 of the Civil Practice Act. For many years prior to January, 1960, Fownes maintained plants for the manufacture of gloves in the Cities of Amsterdam and Gloversville. Through the years all employees at the Amsterdam plant, including cutters and shavers had the Textile Workers Union of America as their sole bargaining agent and their present contract with Fownes expires on May 1, 1962. The Gloversville plant employees were represented by several unions among whom were the respondents (hereinafter collectively referred to as the “ Union ”) who were the bargaining agents for about 12 cutters ?md shavers in the Gloversville plant and working pursuant to a two-year contract entered into on May 18, 1959, between the Union and the Fulton County Glove Manufacturers Inc. (hereinafter referred to as the “ Association ’ ’. The latter is a membership corporation with its principal office in Gloversville and engaged in contracting with labor unions for certain employers whose plants are in Fulton County. Fownes is a member of said Association.
Prior to January 12,1960, Fownes decided to close its Gloversidlle plant for the reason that it had not had sufficient business to occupy the manufacturer’s facilities to justify operations at Gloversville. Notice of intention to close was sent to the Union and each employee of the Gloversville plant informing them that their services would be terminated and also advising said employees that they may apply for employment at the Amsterdam plant. Several of said employees, including seven cutters, did apply, were hired, are working at the Amsterdam plant, joined and are paying dues to said Textile Workers Union and appear to be satisfied to continue to do so.
Following the closing of the Gloversville plant the respondent Union demanded that it be recognized as the sole bargaining agent for the seven former Gloversville cutters employed in the *351 Amsterdam plant and when negotiations to solve the problem failed said Union on May 16,1960, served a notice of arbitration upon Fownes for the following disputes, viz.:
1. Improperly engaging in a lockout.
2. Improperly discharging its employees.
3. Failure to pay the proper wages to its employees.
4. Failure to recognize the Union.
5. Failure to allow the Union representative to enter your premises.
Upon the uncontroverted facts of this case the issue is “ Are these arbitrable disputes to submit to arbitration? ”. I am inclined to agree with Fownes and answer the question in the negative. The arbitration provision of the contract reads so far as pertinent as follows: “ Any complaint, grievance or dispute arising out of or relating directly or indirectly to the provisions of this agreement or the interpretation or performance thereof, shall * * * be referred to arbitration * * * the arbitrator shall not have the power to add or subtract from or modify, any, of the terms of this agreement ”.
The contract also provides “ that * * * lockouts are prohibited ” and “ that no employees covered by this agreement shall be discharged except for just cause and upon prior notification to the Union ’ ’.
A reading of the agreement and a consideration of the undisputed facts fails to convince me that there is bona fide dispute between the parties here which should be the subject of arbitration. This is a question of law to be determined by the court and where there is no default, the court cannot compel a party to arbitrate. Not every controversy between an employer and a union operating under a collective bargaining agreement is arbitrable. It is arbitrable only when it falls within the scope of the agreement fairly construed (Matter of Belding Hemingway Co., 295 N. Y. 541; Matter of General Elec. Co., 300 N. Y. 262; Matter of International Assn. of Machinists, 271 App. Div. 917, affd. 297 N. Y. 519; Matter of Berger, 191 Misc. 1043, affd. 274 App. Div. 788; Matter of Curry, 194 Misc. 525).
There cannot be any dispute with the fact that the scope, method of operation and business policy of Fownes rests entirely with the employer. The Union concedes this fact, yet, it insists that the agreement has been violated and that the seven cutters' were locked out and improperly discharged. In my opinion the labor contract does not sustain any such conclusion and the New York decisions relied upon by the Union are all based on the fact that in those cases the$e was involved the question of *352 the good faith of the employer. In the situation we have here, there is not even a suggestion by the Union that Fownes closed its G-loversville plant for any reason other than in the exercise of its sound business judgment of economic necessity. The Union has failed to show that Fownes stopped its Grloversville operations in bad faith and discharged its employees there for the purpose of circumventing the terms of the agreement.
There was no lockout or improper discharge of the employees. Lockout is defined as, a proceeding by an employer of labor the purpose of which is to bring his employees to his terms by shutting off their employment and persuading other employers engaged in a similar business not to employ them thereby forcing them to return to work for him on his terms. The reason for abandoning the Grloversville plant was given to the Union and the petitioner’s employees and the latter were also given an opportunity to apply at the Amsterdam plant for employment, if they so desired. To hold that they were locked out and improperly discharged in the absence of bad faith, would be the equivalent of allowing the Union the right to review the employer’s business judgment.
I must also conclude that solely because of the facts in this case the recent United States Supreme Court decisions (United Steel Workers v. American Mfg. Co., 363 U. S. 564 [June 20, 1960]; United Steel Workers v. Warrior & Gulf Nav. Co., 363 U. S. 574 [June 20,1960]), cited by the Union are not applicable here for the reason that although the alleged dispute may fall within the literal language of the agreement, if there is no real ground of claim the court may refuse to allow arbitration.
I, therefore, hold and decide that the employment of the seven cutters by Fownes in its Amsterdam plant did not create an arbitrable dispute under its labor contract with the Union and that there is no arbitrable issue. The application for a stay of arbitration is granted.