George P. Stier, J.
This is a motion by the New York Racing Association, Inc. (hereinafter called Racing Association) to stay the arbitration sought by the Independent Association of Mutuel Employees of New York State (hereinafter called the Independent Association) pursuant to a notice of intention to conduct arbitration served by the Independent Association.
The Racing Association contends that the arbitration should be stayed since there is no agreement between the parties to arbitrate the particular matter sought to be arbitrated. It alleges that the Independent Association is seeking to arbitrate whether the present chairman of the pension committee, which was established pursuant to a pension plan originally executed on November 8,1956, should continue to serve since he is an officer of the Racing Association, to remove such chairman and to select a neutral person to be designated. It also contends that *868 the pension plan does not contain an arbitration clause; that in any event the chairman of the pension committee was selected ■pursuant to the procedure set up in the pension plan.
The Independent Association opposes the motion claiming that the selection of an officer of the Racing Association as chairman of the pension committee was improper and that this objection constitutes a grievance.
Paragraph 18 of the collective bargaining agreement, entered into between the Racing Association and the Independent Association, on October 21, 1960, provides, in pertinent part:
“ Should the parties be unable to adjust the grievance satisfactorily, then an impartial arbitrator shall be chosen * * *.
“ This paragraph shall be applicable to all grievances hereunder. ’ ’
Inasmuch as a memorandum agreement with respect to the Pension Plan was also executed on October 21, 1960, between the parties which provided in pertinent part as follows:
“ The covenants herein contained * * * [are to be] supplemental to and part of the Collective Bargaining Agreement this day entered into * * *:
“ 1. The Employer agrees to continue the Pension Plan in the form presently in existence the Independent Association contends that the collective bargaining agreement, the memorandum supplemental thereto and the pension plan constitute one integrated collective bargaining arrangement and, therefore, the grievance concerning the chairman of the pension committee comes within the ambit of the agreement and should be arbitrated.
The Court of Appeals, in Matter of Riverdale Fabrics Corp. (Tillinghast-Styles Co.) (306 N. Y. 288) stated at page 289: ‘ ‘ a party is not to be compelled to surrender his right to resort to the courts, with all their safeguards, unless he has agreed in writing to do so * * * and by clear language * * *. Although one may by contract bargain away his right to resort to the courts in matters which might be the subject of a civil action * * ‘ the agreement to do so ivill not be extended by construction or implication ’ * * V’ (Emphasis supplied.)
In the case at bar it cannot be said that the provision in the memorandum agreement of October 21, 1960, which in pertinent part provides ‘ ‘ the Employer agrees to continue the Pension Plan in the form presently in existence ” incorporated by reference the entire pension plan. (See Matter of Saks & Co. [Saks Fifth Ave. Women’s Shoe Salespeople Comm.], 9 A D 2d 325; see, also, Weiner v. Mercury Artists Co., 284 App. Div. 108.) Under these circumstances it cannot be said that it was the *869 clear intention of the parties to arbitrate grievances arising under the pension plan. Inasmuch as the pension plan is not incorporated into the collective bargaining agreement, the grievance concerning the administration of its pension plan alleged by the Independent Association does not fall within the ambit of paragraph 18 of the collective bargaining agreement which provides that arbitration is to be had concerning “ all grievances hereunder.” (Emphasis supplied.) (See Matter of Fownes Bros. [Local 1714], 25 Misc 2d 349, 351; see, also, Matter of Lehman v. Ostrovsky, 264 N. Y. 130, 132; Matter of New York Mirror [Potoker], 5 A D 2d 423, 429.)
In any event, assuming arguendo that there was an agreement to arbitrate the grievance now sought to be arbitrated, Independent Association has not exhausted the procedure for the adjustment of grievances as outlined in paragraph 18 of the collective bargaining agreement. Therefore, its demand for arbitration is premature. (Matter of Jay Kay Metal Specialties Corp. [United Service Employees Union], 285 App. Div. 81; Matter of Office Employees Int. Union [Piel Bros.], 23 Misc 2d 235.) Accordingly, the motion to stay arbitration is granted.