WILLIAM PALIDORO et al., Plaintiffs, *v.* FEUER TRANSPORTATION, INC., Defendant.

Municipal Court of the City of New York, Borough of the Bronx, May 25, 1962.

*Samuel S. Ress* for plaintiffs. *Zelby & Burnstein* for defendant.

SIDNEY H. ASCH, J. Motion to dismiss complaint, etc., is granted.

A review of the complaint discloses that the plaintiffs allege the following material facts:

Plaintiffs were employed by the defendant corporation, Feuer Transportation, Inc. At that time, they were members of Local 445 of the International Brotherhood of Teamsters. Local 445 had a collective bargaining agreement with Feuer which set forth the terms and conditions of employment for defendant's employees.

In 1957, a dispute arose between Feuer and Local 445 as to whether certain individuals were owner operators or employees of Feuer. If the individuals were found to be employees, then they would be entitled to certain benefits under the collective bargaining agreement which they could not receive if they were deemed to be owner operators or independent contractors. This dispute was submitted to arbitration before a Joint Local (Grievance) Committee as required by the collective bargaining agreement between the parties. In November, 1957, the Joint Local (Grievance) Committee found that the individuals were employees and accordingly, were entitled to certain benefits which they previously had not received under the collective bargaining agreement. A copy of the award and decision of the

Joint Local (Grievance) Committee is annexed as Exhibit " A " to the complaint.

The plaintiffs now contend that they are entitled to certain holiday pay, vacation pay and for time not worked, because the employees who were below them on the seniority list were given work when the plaintiffs were available to work.

The defendant then moved to dismiss the complaint upon the ground that the court did not have jurisdiction of the action and that the claims asserted by the plaintiffs were barred by the failure of plaintiff to assert them in time. A review of the affidavits submitted in support of the motion to dismiss the complaint and the answering affidavits thereto, clearly establishes that the complaint must be dismissed.

The plaintiffs appear to be seeking to recover benefits which allegedly accrued to them under collective bargaining agreements which were in effect between the defendant and Local 445 of which the plaintiffs were members. If this is the theory upon which the plaintiffs proceed, then this court does not have jurisdiction of this action.

The collective bargaining agreements between Feuer and Local 445 not only set forth wages, holidays, vacations and other economic benefits to which the employees were entitled during the term of the collective bargaining agreement, but the agreements among other things, specifically provided for a definitive way in which all disputes which might arise under the collective bargaining agreements were to be resolved. Accordingly, the collective bargaining agreement must be construed as a single and entire document and provisions providing for economic benefits cannot be divorced from the provisions which set forth the procedure to be followed for the resolution of disputes arising thereunder.

In *Spilkewitz* v. *Pepper*, (34 Misc 2d 746, 747) the employee brought an action to recover for alleged overtime wages which were due to them under an agreement between the employer and the union of which the employees were members. The court held:

" It is obvious that the right of the respondent to relief in the action as an individual employee is based upon divers provisions of the agreement between the union and the petitioner and what he, the respondent, relies wholly upon the agreement, from which is derived his alleged cause of action . . .

" Moreover, as was stated in *Johnson* v. *Kings County Light Co.* (141 N. Y. S. 2d 411, 414) : ' The dominant purpose of the contracting parties was to avoid, if possible, industrial strife by requiring that disputes arising out of working conditions and the

construction to be placed upon the terms of the contract be resolved by means of the grievance procedure set forth in the contract and by arbitration. Since plaintiff is relying upon the terms of the contract for the relief he seeks in this action, he may not invoke part of the contract and disregard its other provisions requiring arbitration.' The above language of the opinion in the *Johnson* case (*supra*) applies with equal force here. (See, also, *Ott.* v. *Metropolitan Jockey Club,* 282 App. Div. 946, affd. 307 N. Y. 696; *Sperling* v. *Newtown Laundry Serv.,* 264 App. Div. 878; cf. *Di Rienzo* v. *Farrang Optical Co.,* 148 N. Y. S. 2d 587.) Thus, the agreement here for arbitration, if fairly construed, is broad enough to include a claim for overtime wages as alleged here. (Cf. *Berens* v. *Robineau,* 278 App. Div. 710.) And the agreement for arbitration is binding not only on the Union but upon all individual members thereof, including the respondent as a member of the Union involved. (See *Mencher* v. *B. & S. Abeles & Kahn,* 274 App. Div. 585.) ''

That the plaintiffs in this case are bound by the arbitration provisions of the collective bargaining agreement between defendant and Local 445 has been recently affirmed by the Court of Appeals in *Parker* v. *Borock* (5 N Y 2d 156 [1959]). Assuming, that the plaintiffs were the direct beneficiaries of the holiday, vacation and seniority provisions of the agreement to enforce their rights by way of arbitration. At no time, did plaintiffs seek arbitration.

Plaintiffs, in their answering affidavits, contend that Local 445 failed to take up their claims as grievances with Feuer. If this is the fact, then plaintiffs may have an action against Local 445 but not against the defendant. The Court of Appeals in *Parker* v. *Borock,* (*supra,* p. 161) stated: '' A reading of the existing agreement indicates that plaintiff has entrusted his rights to his union representative. It may be that the union failed to preserve them. As was said in *Donato* v. *American Locomotive Co.* (283 App. Div. 410, 417, affd. 306 N. Y. 966): ' the only conclusion which logically follows is that the employee is without any remedy, except as against his own union, if he claims that the union mishandled the arbitration proceeding or improperly failed to move to vacate the award. If this conclusion is reached upon the premise here set forth, this is not an exaltation of procedure over substance; it rests rather upon a proposition of substantive law limiting the right of the individual employee under a collective bargaining agreement. ' ''

It is manifest that plaintiffs cannot maintain this independent action but were required to proceed by way of arbitration as

required by the provisions of the collective bargaining agreement.

If the plaintiffs are seeking to enforce the award of the Joint Local (Grievance) Committee dated November, 1957, which is annexed to the complaint as Exhibit " A ", then the court similarly does not have any jurisdiction over the subject matter of this action. The Municipal Court does not have jurisdiction to enforce the award of an arbitrator. With respect to arbitration, the power of the Municipal Court is limited to granting a stay of proceedings in a pending action where there is an agreement between the parties to arbitrate and pursuant to section 6 of the New York City Municipal Court Code to enforce the award of an arbitrator where the arbitration has been conducted in accordance with a system of conciliation and arbitration established by the court. The award of the Joint Local (Grievance) Committee was not rendered pursuant to a system of conciliation and arbitration of this court and accordingly, the court does not have jurisdiction to enforce the award.

The complaint must be dismissed as a matter of law because this court does not have jurisdiction of this action. Plaintiffs' contention that this objection has been waived because of its appearance in this action is without merit. Pursuant to rule 107 of the Rules of Civil Practice, a motion to dismiss because of lack of jurisdiction over the subject matter of an action may be made at any time prior to trial.

Assuming once again, that plaintiffs are seeking to recover benefits accruing to them under the terms of the collective bargaining agreements between the defendant and Local 445, then the action is barred by the failure of plaintiff to assert them in time. As has been established, the plaintiffs were bound by the grievance and arbitration provisions contained in the collective bargaining agreements between the defendant and the union.

The grievance and arbitration provisions set forth the specific procedure to be followed in the resolution of any grievances and disputes which might arise under the terms of the collective bargaining agreements. Clearly, plaintiffs had a grievance in that they were not paid holiday pay for certain enumerated holidays in the years 1956, 1957, 1958, 1959 and 1960. The same is true with respect to vacation pay and for lost time by reason of employment of employees who were junior to the plaintiffs. These grievances had to be asserted under the collective bargaining agreement.

As set forth in the affidavits in support of the motion to dismiss, the collective bargaining agreements between the parties pro-

vided that a grievance had to be submitted within five days after the reason for the grievance had occurred. Furthermore, the grievance and arbitration machinery contained procedures for appeals at various stages and at each stage action had to be taken within a specified limit of time.

Plaintiffs do not deny that at no time did they invoke the arbitration machinery contained in the collective bargaining agreements. Accordingly, even if they wanted to, at this time, assert their grievances through Local 445, as required by the collective bargaining agreement, they would be barred because more than five days has elapsed since the grievances contained in the complaint arose.

Where the collective bargaining agreement contains specific time limitations for the presentation and resolution of grievances, the same have been construed to be in the nature of a Statute of Limitations. If a party fails to comply with the time limitation, as the plaintiffs did in this case, then they are barred from asserting their claims. In *Matter of Board of Educ., Union Free School Dist. No. 7 (Heckler Elec. Co.)* (7 N Y 2d 476, 482 [1960]) the Court of Appeals affirmed a stay of arbitration proceedings because the parties thereto had failed to commence arbitration within the time required. The court stated: " And in *Matter of Cauldwell-Wingate Co. (New York City Housing Auth.)* (287 N. Y. 853), in which an application to compel arbitration was denied on the ground that the petitioner had failed to demand arbitration within the time prescribed by the contract, it was this court's view that the contract itself made compliance with its ' time ' provisions a condition precedent to arbitration, with the consequence that failure to act within the specified time deprived the petitioner of its right to arbitration. (See, also, *Matter of Levine Bros. Iron Works Corp. [Constitution Sq.]*, 279 App. Div. 912, motion for leave to appeal denied 304 N. Y. 986: *Matter of Ketchum & Co. [Allied Trades Council]*, 20 Misc 2d 736; *Matter of Shine's Restaurant [Waiters & Waitresses Union]*, 20 Misc 2d 737; *Matter of Mark Cross Co. [Ellis]*, 15 Misc 2d 947, 949–950; *Boston Mut. Life Ins. Co. v. Insurance Agents' Int. Union*, 258 F. 2d 516, 522.) "

The plaintiffs having failed to submit any grievances within the time required by the collective bargaining agreements, all claims are now barred. The decision in *Matter of Board of Educ., Union Free School Dist. No. 7 (Heckler Elec. Co.) (supra)* renders meaningless plaintiff's contention that a Statute of Limitations of five days would be unconstitutional.

. Accordingly, since plaintiffs had to resort to arbitration through Local 445, and any demand for arbitraition would now be

barred by reason of failure to comply with the provisions of the collective bargaining agreement, the complaint must be dismissed.

Assuming that plaintiffs are seeking to enforce the award, annexed as Exhibit " A " to the complaint, then the claim of the defendant is also barred by the Statute of Limitations. Section 1461 of the Civil Practice Act provides that a motion to confirm an award must be made " within one year " after the rendition and delivery of the award. The award was made in November, 1957, and clearly therefore, plaintiffs' action is not timely.

Furthermore, it should be noted that plaintiffs, as individuals, have no standing to enforce the award. This right, if any, accrued to Local 445. (*Matter of Soto* (*Goldman*), 7 N Y 2d 397 [1962].)

In summary, the plaintiffs are barred by the Statute of Limitations from maintaining this action and have no standing to maintain this action.

The case of *Moore* v. *Illinois Cent. R. R. Co.* (312 U. S. 630) cited by plaintiffs, is not in point. This case merely held that the provisions of the Railway Labor Act then in effect permitted an employee to maintain an action in the courts based upon wrongful discharge. The grievance and arbitration machinery contained in the Act was not compulsory but only voluntary.

The case of *Steele* v. *Louisville & Nashville R. R. Co.* (323 U. S. 192) cited by plaintiffs' counsel in open court also is not in point. This is a landmark decision wherein the Supreme Court of the United States held that a collective bargaining representative must represent all members of the collective bargaining unit fairly and equally. The collective bargaining representative could not negotiate agreements which were discriminatory against minority groups within the union. Clearly this issue is not involved in this action.

The plaintiffs' memorandum of law misconceives the nature of this proceeding. It was not incumbent upon the defendant to demand arbitration, but the obligation rested with the plaintiffs. There was no waiver of the provisions of the collective bargaining agreement by the defendant. If as early as 1957 the plaintiffs did not receive benefits to which they allege they were entitled under the collective bargaining agreement, then it was their obligation and not the defendant's to demand arbitration.

The collective bargaining agreement submitted to you today clearly shows that demands for arbitration had not been made within the limitations required by the collective bargaining

agreement and, accordingly, plaintiffs are now barred from asserting any claims.

The facts clearly disclose that plaintiffs are barred from maintaining their action and, therefore, the case of *Rubin* v. *Koppelman* (263 App. Div. 733) cited by plaintiffs is inapposite.

Defendant has not moved to stay this action pending arbitration. If the plaintiffs had demanded arbitration, then the defendant would have moved to stay arbitration. The claims are barred at this time. In short, the duty to have demanded arbitration under the terms of the collective bargaining agreement rested either upon the plaintiffs or the union to which they belonged, and not upon the defendant.