■ ALEXANDER ENTERPRISES, INC., Appellant-Respondent, v. JAMES RYCKWAERT et al., Defendants, and VAPPI & COMPANY, INC., Respondent-Appellant.— In an action *inter alia* to foreclose a mechanic's lien for labor and materials, (1) plaintiff appeals from an order of the Supreme Court, Dutchess County, dated June 21, 1971 and made after a nonjury trial, which denied its motion to stay arbitration, and (2) defendant Vappi & Company, Inc., appeals from so much of a further order of the same court, dated August 16, 1971, as (a) denied the branch of its motion to stay the action as to the third and fourth causes of action and (b) granted plaintiff's cross motion to examine defendants. Order of June 21, 1971 reversed, on the law and the facts, and plaintiff's motion to stay arbitration granted. Order of August 16, 1971 affirmed insofar as appealed from. Plaintiff is granted one bill of costs against defendant Vappi & Company, Inc., to cover both appeals. In our opinion, upon the evidence presented herein, plaintiff may not be compelled to submit to arbitration. We find that the contract which, together with the extrinsic documents it purports to incorporate by reference, is alleged to constitute a binding agreement to arbitrate falls short of the requirement that such an agreement must be clear and unambiguous (see *Matter of Lehman* v. *Ostrovsky*, 264 N. Y. 130; *Matter of Riverdale Fabrics Corp.* [*Tillinghast-Stiles Co.*], 306 N. Y. 288; *Matter of General Silk Importing Co.* [*Gerseta Corp.*], 198 App. Div. 16; 200 App. Div. 786, affd. 234 N. Y. 513; *Weiner* v. *Mercury Artists Corp.*, 284 App. Div. 108; *Northridge Coop. Section No. I* v. *32nd Ave. Constr. Corp.*, 139 N. Y. S. 2d 37). We find that the extrinsic documents herein lack the provisions explicitly dealing with arbitration which are present in the cases which uphold, as binding, agreements to arbitrate (see *Matter of Level Export Corp.* [*Wolz, Aiken & Co.*], 305 N. Y. 82; *Matter of Hatzel & Buehler Fuller Co.*, 98 N. Y. S. 2d 870, affd. 278 App. Div. 647, affd. 303 N. Y. 836; *Kalin Contr. Co.* v. *Picram Constr. Corp.*, 13 Misc 2d 1072). We are further of the opinion that plaintiff was not a party to the alleged agreement to arbitrate. Plaintiff did not sign the contract and the evidence does not establish that it retained the contract and rendered performance thereunder with knowledge of the arbitration provision (cf., e.g., *Matter of Helen Whiting, Inc.* [*Trojan Textile Corp.*], 307 N. Y. 360; *Trafalgar Sq.* v. *Reeves Bros.*, 35 A D 2d 194). We do not find support in the record for

the contention that services were rendered by plaintiff pursuant to such contract. On the contrary, the evidence adduced by defendant Vappi shows that plaintiff rendered services and that Vappi made payment therefor prior to the delivery of the contract to plaintiff in October, 1969, indicating that the parties were performing pursuant to the informal agreement evidenced by the letters of June 17, 1969 and June 23, 1969. In view of our determination that arbitration should be stayed, the order of August 16, 1971 must be affirmed insofar as appealed from. Munder, Acting P. J., Latham, Shapiro, Gulotta and Christ, JJ., concur.